UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF TEXAS

WACO DIVISION

| | |
|---|---|
| **JOSEPH VAN LOON** *et al.* <br><br> **Plaintiffs,** <br><br> v. <br><br> **DEPARTMENT OF TREASURY** *et al.*, <br><br> **Defendants.** | Civil Action No. 6:22-cv-920 |

### DEFENDANTS' MOTION TO TRANSFER

Defendants respectfully move to transfer this case from the Waco Division to the Austin Division of the Western District of Texas pursuant to 28 U.S.C. § 1404(a). Pursuant to Local Rule 7(g), Defendants have conferred with counsel for Plaintiffs, who will oppose this motion.

Plaintiffs are six individuals, Joseph Van Loon, Tyler Almeida, Alexander Fisher, Preston Van Loon, Kevin Vitale, and Nate Welch, who challenge the designation of Tornado Cash pursuant to Executive Order 13694 and its addition to the Department of the Treasury's List of Specially Designated Nationals and Blocked Persons. None of the acts or omissions that give rise to the claims are alleged to have occurred in Texas, and the only Plaintiff who resides in Texas, Joseph Van Loon, resides in Cedar Park, which lies within the Austin Division. Because this case has no connection to Waco, and because Austin would be a more appropriate forum for the case, Defendants respectfully request that this Court transfer the case to Austin pursuant to 28 U.S. C. § 1404(a).

Title 28 U.S.C. § 1404(a) places "discretion in the district court to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'" *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964)). "The preliminary question under § 1404(a) is whether a civil action 'might have been brought' in the destination venue." *In re Volkswagen of Am., Inc.* ("*Volkswagen II*"), 545 F.3d 304, 312 (5th Cir. 2008).

1

If so, the Court balances various factors, including private factors such as "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive," and public factors such as "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws of the application of foreign law." *In re Volkswagen AG* ("*Volkswagen I*"), 371 F.3d 201, 203 (5th Cir. 2004). "A plaintiff's choice of venue is not an independent factor in the venue transfer analysis, and courts must not give inordinate weight to a plaintiff's choice of venue." *Fintiv, Inc. v. Apple Inc.*, No. 6:18-CV-00372-ADA, 2019 WL 4743678, at *2 (W.D. Tex. Sept. 13, 2019) (Albright, J.). Where certain factors "favor[] transfer. . . [others a]re neutral, and no factor favor[s] the plaintiff's chosen venue," transfer should be granted. *Datascape, Ltd. v. Dell Techs., Inc.*, No. 6:19-CV-00129-ADA, 2019 WL 4254069, at *1 (W.D. Tex. June 7, 2019) (Albright, J.) (citing *In re Radmax, Ltd.*, 720 F.3d 285, 288–90 (5th Cir. 2013)). This Court has found that where a Plaintiff has a "significant presence in Austin but not in Waco," a transfer to Austin may be appropriate. *Fintiv*, 2019 WL 4743678 at * 9.

      This case could have been brought in the Austin Division, where Plaintiff Joseph Van Loon lives. That division is clearly the more convenient forum for this case and the site of any localized interest, and none of the § 1404 factors support retention of this case in the Waco Division. *See Datascape*, 2019 WL 4254069 at *1; *see also Freshub, Inc. v. Amazon.com Inc.*, No. W-19-CV-00388-ADA, 2019 WL 10856832, at *1 (W.D. Tex. Sept. 9, 2019) (similar). Mr. Van Loon alleges no connection to Waco, and no other action or omission is alleged to have occurred in Waco. *See* Compl. ¶ 12-16, ECF No. 1. The Austin Division is more closely situated to any jurisdictional facts regarding Mr. Van Loon's alleged injury or his use of Tornado Cash, because he resides there. The remaining parties all reside outside of Texas: Defendants reside in the District of Columbia, and the other Plaintiffs reside in California, Michigan, Tennessee, and Maine. Unlike Waco, Austin is served by numerous direct flights from out of state, so any in-person court appearances that may occur in this case would likely be easier, more expeditious, and less

expensive in Austin.  Transfer to Austin would also be in the interest of judicial economy.  The Waco Division is served by a single district judge, yet in 2021, it received 1,345 new civil cases, making it the heaviest civil docket in the Western District of Texas.  *See* 2021 Calendar Year Statistical Report at 2, https://www.txwd.uscourts.gov/wp-content/uploads/District%20Statistics/2021/Calendar%20Year%20Statistics%20-%202021.pdf.  Austin received 231 fewer civil cases, *id.*, but has five district judges.  *See* Judge's Calendars List, https://www.txwd.uscourts.gov/judges-information/judges-calendars/ (listing judges by division).  Finally, Austin would also be a more convenient forum for this case because the administrative record for the challenged action contains classified information.  Undersigned counsel has been informed that the Federal Bureau of Investigation (FBI) field office in Austin maintains a secure compartmentalized information facility (SCIF) where classified information may be properly maintained, stored, and viewed as necessary.  To counsel's knowledge, no such facility exists in Waco.

     For the foregoing reasons, Defendants respectfully request that the case be transferred to the Austin Division.

Dated: October 14, 2022            Respectfully Submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

ALEXANDER K. HAAS
Director

DIANE KELLEHER
Assistant Director

*/s/ Christopher R. Healy*
CHRISTOPHER R. HEALY
Trial Attorney
STEPHEN M. ELLIOTT
Senior Counsel
Federal Programs Branch, Civil Division
United States Department of Justice
1100 L St. NW
Washington, DC 20005
Tel: 202-514-8095
Fax 202-616-8470
E-mail: Christopher.Healy@usdoj.gov

*Counsel for Defendants*