UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| JOSEPH VAN LOON; TYLER ALMEIDA; ALEXANDER FISHER; PRESTON VAN LOON; KEVIN VITALE; and NATE WELCH,<br><br>Plaintiffs,<br><br>- against -<br><br>DEPARTMENT OF THE TREASURY; OFFICE OF FOREIGN ASSETS CONTROL; JANET YELLEN, in her official capacity as Secretary of the Treasury; and ANDREA M. GACKI, in her official capacity as Director of the Office of Foreign Assets Control,<br><br>Defendants. | Civil Action No. 6:22-cv-920-ADA-JCM |

**PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION TO TRANSFER**

Plaintiffs Joseph Van Loon, Tyler Almeida, Alexander Fisher, Preston Van Loon, Kevin Vitale, and Nate Welch respectfully oppose Defendants' motion to transfer this case to the Austin Division of the Western District.  A party seeking transfer must "clearly demonstrate" that transfer is warranted.  *In re Volkswagen of America, Inc.*, 545 F.3d 304, 315 (5th Cir. 2008) (en banc), *cert. denied*, 555 U.S. 1172 (2009).  That "elevated burden" requires the "moving party [to] show materially more than a mere preponderance of convenience."  *TrackThings, LLC* v. *Amazon.com, Inc.*, Civ. No. 21-720, 2022 WL 1462204, at *2 (W.D. Tex. May 9, 2022) (internal quotation marks and citation omitted).  Defendants have failed to identify any reason why a division roughly 100 miles away would be "clearly more convenient."  *Volkswagen*, 545 F.3d at 315.  Defendants' motion should accordingly be denied.

1. Plaintiffs filed this action under the Administrative Procedure Act (APA) on September 8, 2022.  *See* Dkt. 1.  They challenge Defendants' addition of a crypto privacy protocol and

certain crypto addresses to the Office of Foreign Assets Control's Specially Designated Nationals and Blocked Persons List. Defendants' action exceeds their statutory authority under the International Emergency Economic Powers Act because the immutable, open-source software at issue is not "property," a "foreign country or a national thereof," or a "person" of any kind. 50 U.S.C. § 1702(a)(1). Defendants' action also violates the Free Speech Clause of the First Amendment and the Due Process Clause of the Fifth Amendment to the U.S. Constitution. Over a month after Plaintiffs filed the complaint, Defendants filed the instant motion to transfer the case.

Because this is an APA case, there will be no trial and no live testimony. Plaintiffs will establish their standing by affidavit. *See*, *e.g.*, *Lujan* v. *Defenders of Wildlife*, 504 U.S. 555, 561 (1992). The case will otherwise be decided based on the administrative record, which presumably was created in Washington, D.C., where all Defendants are located and where Plaintiffs believe all of Defendants' relevant actions occurred. *See*, *e.g.*, 5 U.S.C. § 706. Further, because Plaintiffs' arguments pertain only to statutory and constitutional interpretation, Plaintiffs anticipate that the administrative record will be relevant only to establish the statutory grounds invoked by Defendants to justify their action. *See*, *e.g.*, *Securities and Exchange Commission* v. *Chenery*, 332 U.S. 194, 196 (1947). In short, this will be a purely legal challenge, decided on substantive motions that are perfectly capable of being resolved in the Waco Division.

2. The Fifth Circuit has identified four private-interest factors and four public-interest factors that govern motions to transfer. The four private-interest factors are "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive." *Volkswagen*, 545 F.3d at 315 (citation omitted). The four public-interest factors are "(1) the administrative difficulties flowing from

court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws [or in] the application of foreign law." *Id.* (alteration in original; citation omitted).

Transfer is unwarranted because the Austin Division is not clearly more convenient. Defendants do not address five of the factors and cite only the first private-interest factor (the relative ease of access to sources of proof), the fourth private-interest factor (miscellaneous practical problems), and the first public-interest factor (administrative difficulties caused by court congestion). Because none of those factors favors transfer, Defendants have failed to carry their heavy burden.

***Ease of access to sources of proof.*** Defendants first contend that the Austin Division is "more closely situated to any jurisdictional facts" because one of the six plaintiffs resides there. Mot. 2. But affidavits, not live testimony, are the ordinary means of proving standing in an APA case. Defendants "have not argued, let alone shown, that affidavits would be insufficient to establish standing" here or identified any jurisdictional evidence located in Austin. *Center for Biological Diversity* v. *Export-Import Bank of the United States*, Civ. No. 12-6325, 2013 WL 5273088, at *4 n.6 (N.D. Cal. Sept. 17, 2013). Further, Plaintiff Joseph Van Loon—the only party residing in the Austin Division—is willing to travel the short distance to Waco if it becomes necessary.

Defendants also contend that the Austin Division would be more convenient because the administrative record contains classified information. Defendants state that there is a secure compartmented information facility at the Austin office of the Federal Bureau of Investigation (FBI) and that they are unaware of any such facility in Waco. *See* Mot. 3. But they conspicuously do not state that there is no convenient way for the Court to view classified documents in Waco—whether at the federal courthouse, the FBI office, or the U.S. Attorney's division office. *See* San

3

Antonio, Federal Bureau of Investigation <www.fbi.gov/contact-us/field-offices/sanantonio> (last visited Oct. 21, 2022); Offices of the Western District of Texas, U.S. Department of Justice <www.justice.gov/usao-wdtx/offices-western-district-texas> (last visited Oct. 21, 2022). And Defendants make no effort to explain why any classified information is relevant to Plaintiffs' statutory and constitutional claims or how often they expect the Court to need access to classified materials. If such bare assertions were sufficient to transfer a case, governmental defendants could transfer cases at will from the many divisions around the country that lack secure compartmented information facilities. At bottom, Defendants' position is that the Waco Division should never hear a case involving classified information. For all of those reasons, the first private-interest factor does not favor transfer.

*Practical considerations.* Defendants further argue that it is more convenient to travel to Austin. *See* Mot. 2-3. But as discussed above, this APA case will be resolved on the administrative record without a trial or live testimony. *See* p. 2, *supra*. Because there will be no live testimony, the only convenience is that of the government's own attorneys, which is "irrelevant and improper for consideration in determining the question of transfer of venue." *In re Horseshoe Entertainment*, 337 F.3d 429, 434 (5th Cir.), *cert. denied*, 540 U.S. 1049 (2003). Even if it were relevant, travel to Waco is perfectly convenient for Defendants' counsel, who are based in Washington, because there are three major airports within approximately 100 miles of the courthouse and connecting flights to Waco's airport. *Cf. Volkswagen*, 545 F.3d at 317. Accordingly, this factor does not favor transfer either.

*Administrative difficulties.* Defendants observe that there were slightly more civil filings last year in the Waco Division than in the Austin Division, but that hardly demonstrates that the Austin Division is clearly more convenient. *See* Mot. 3. "The relevant inquiry is the speed at

which a case can be resolved," not the mere number of cases pending. *Dali Wirless, Inc.* v. *Corning, Inc.*, Civ. No. 20-1108, 2021 WL 5316409, at *7 (W.D. Tex. Sept. 20, 2021). According to Westlaw, as of October 20, the median time for resolution of "Administrative" cases in the Waco Division is at least as low as in the Austin Division. *See* Ex. A. At a minimum, there is hardly an "appreciable difference in docket congestion between the two forums." *ParkerVision, Inc.* v. *Intel Corp.,* Civ. No. 20-108, 2021 WL 401989, at *6 (W.D. Tex. Jan. 26, 2021) (citation omitted).

3. Because none of the eight factors favors transfer to the Austin Division, Defendants have failed to satisfy their "heavy burden" of proving that the Austin Division is clearly more convenient. *Fintiv, Inc.* v. *Apple, Inc.*, Civ. No. 18-372, 2019 WL 4743678, at *9 (W.D. Tex. Sept. 13, 2019) (quoting *Volkswagen*, 545 F.3d at 315 n.10). The motion to transfer should be denied.

Dated: October 21, 2022

Respectfully submitted,

PAUL, WEISS, RIFKIND,
  WHARTON & GARRISON LLP

Kannon K. Shanmugam*
Brian M. Lipshutz*
Matteo Godi*
Jennifer K. Corcoran*
2001 K Street, N.W.
Washington, DC 20006
(202) 223-7300 (telephone)
kshanmugam@paulweiss.com
*Admitted pro hac vice*

PARKER, BUNT & AINSWORTH, P.C.

By:   /s/ Charles Lewis Ainsworth
Charles Lewis Ainsworth
Texas Bar No. 00783521
100 E. Ferguson Suite 418
Tyler, TX 75702
(903) 531-3535 (telephone)
charley@pbatyler.com

5

## CERTIFICATE OF SERVICE

    I hereby certify that I have served, via CM/ECF, a true and correct copy of the foregoing Plaintiffs' Response to Defendants' Motion to Transfer upon each attorney of record and the Clerk of the Court on this 21st day of October, 2022.

By: /s/ Charles Lewis Ainsworth
Charles Lewis Ainsworth
Texas Bar No. 00783521
