IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| JOSEPH VAN LOON, et al, § <br> § <br> Plaintiffs, § <br> § <br> v. § <br> § <br> DEPARTMENT OF TREASURY, et al, § <br> § <br> Defendants. § | CASE NO. 6:22-CV-00920-ADA-JCM |

## REPORT AND RECOMMENDATION OF
## THE UNITED STATES MAGISTRATE JUDGE

TO:  THE HONORABLE ALAN D ALBRIGHT,
     UNITED STATES DISTRICT JUDGE

This Report and Recommendation is submitted to the Court pursuant to 28 U.S.C. § 636(b)(1)(C), Fed. R. Civ. P. 72(b), and Rules 1(f) and 4(b) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges. Before the Court is Defendants Motion to Transfer Venue to the Austin Division of the Western District of Texas (ECF No. 15) and the responses, replies, and supplemental briefing thereto. For the reasons described below, the Court **RECOMMENDS** that Defendants' Motion be **GRANTED**.

### I.   BACKGROUND

Plaintiffs Joseph Van Loon, Tyler Almeida, Alexander Fisher, Preston Van Loon, Kevin Vitale, and Nate Welch sued the Department of the Treasury, Office of Foreign Assets Control, Janet Yellen in her official capacity as Secretary of the Treasury, and Andrea Gacki in her official capacity as Director of the Office of Foreign Assets Control. Pls.' Compl. (ECF No. 1) at 1. Plaintiffs are users of the Ethereum blockchain and privacy protocol, Tornado Cash. *Id.*

Plaintiffs allege that Defendants added Tornado Cash to the Specially Designated Nationals and Blocked Persons List. *Id.* Plaintiffs argue that this action was unprecedented, overbroad, exceeds Defendants' statutory authority, and infringes on Plaintiffs' constitutional rights. *Id.* at 1–2.

Joseph Van Loon is a resident of Cedar Park, Texas. *Id.* at 4. Tyler Almeida is a resident of California. *Id.* at 5. Alexander Fisher is a resident of Michigan. *Id.* at 6. Preston Van Loon is a resident of Tennessee. *Id.* at 7. Kevin Vitale is a resident of Michigan. *Id.* at 8. Nate Welch is a resident of Maine. *Id.* at 9. The Department of the Treasury and the Office of Foreign Assets Control are both federal administrative agencies headquartered in Washington, D.C. *Id.* The individual defendants were acting in their official capacity with the agencies. *Id.*

Plaintiffs sued the Defendants, claiming that Defendants' designation of Tornado Cash under the International Emergency Economic Powers Act exceeded their authority under the Administrative Procedures Act, violated Plaintiffs' First Amendment right to free speech, and violated Plaintiffs' Fifth Amendment Right to due process. *Id.* at 17, 18, 19. Defendants then filed this Motion to Transfer Venue to the Austin Division.

## II.  LEGAL STANDARD

A party may move to transfer a case from a proper venue to a preferable proper venue. 28 U.S.C. § 1404(a). When presented with a Section 1404(a) motion, the transferor court must first consider whether the transferee court is a proper venue for the suit. *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004). The court will then weigh a series of private and public interest factors to determine the convenience of the transferee venue for the parties and witnesses. *Id.* Private interest factors include "relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of premises, if view would be appropriate to the action; and all

other practical problems that make trial of a case easy, expeditious and inexpensive." *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 n.6 (1981). Public interest factors include "administrative difficulties flowing from court congestion; the local interest in having localized controversies decided at home; the interest in having the trial of a diversity case in a forum that is at home with the law that must govern the action; the avoidance of unnecessary problems in conflict of laws, or in the application of foreign law; and the unfairness of burdening citizens in an unrelated forum with jury duty." *Id.* (internal quotations omitted).

### III. DISCUSSION

#### A. Venue is proper in the Austin Division.

The court must first consider whether the transferee court is a proper venue for the suit. *In re Volkswagen AG*, 371 F.3d at 203. In a civil action in which a defendant is an officer or employee of the United States or an agency thereof, or an agency of the United States, venue is proper in any judicial district in which a defendant in the action resides, a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated, or the plaintiff resides if no real property is involved in the action. 28 U.S.C. § 1391(e)(1).

Plaintiffs do not dispute that venue would be proper in Austin. *See generally* Pl.'s Resp. (ECF No. 16). Since the disputed property is cryptocurrency, it is not real property. Additionally, Plaintiff Joseph Van Loon resides in Cedar Park, which is within the Austin division. Pl.'s Compl. at 4. Accordingly, venue is proper in the Austin Division.

#### B. The private interest factors favor transfer to the Austin Division.

The Court next considers whether the private interest factors favor a transfer. *In re Volkswagen*, 371 F.3d at 203. The private interest factors are (1) relative ease of access to

sources of proof; (2) availability of compulsory process to secure the attendance of witnesses; (3) cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious, and inexpensive. *Id.*

The first factor, relative ease of access to sources of proof, favors a transfer to the Austin Division. Defendants argue that Austin would be a more convenient forum because the administrative record contains classified information and that the FBI field office in Austin maintains a secure compartmentalized information facility but there is no such facility in Waco. Defs.' Mot. at 3. Defendants also argue that the Austin Division is more "closely situated to any jurisdictional facts regarding Mr. Van Loon's alleged injury or his use of Tornado Cash." *Id.* at 2.

Plaintiffs argue that this factor is neutral to transfer because this case will be decided on the administrative record and that affidavits will be sufficient to establish standing. Pls.' Resp. at 3. Defendants argue that they "have no way of knowing whether any forthcoming affidavits will be sufficient to establish Plaintiffs' standing," and thus this factor favors transfer to Austin. Defs.' Reply (ECF No. 17) at 2. The Northern District of California specifically addressed this argument, and the undersigned concurs in the logic. That Court noted that the movants did not show that affidavits alone would be insufficient and that the movants would have the opportunity to re-urge their request to transfer once that need became apparent, but that transfer would be premature without such evidence. *See Ctr. for Biological Diversity v. Exp.-Imp. Bank of the U.S.*, No. C 12-6325 SBA, 2013 WL 5273088, at *4 (N.D. Cal. Sept. 17, 2013) (holding that, "The convenience of witnesses and ease of access to sources of proof factors are neutral because it is undisputed that this is an administrative record case, and because the relevant documentary evidence is easily transported to this district."). The fact that one of the defendants lives in

Austin does not immediately make Austin a more convenient jurisdiction in cases involving the relative ease of access to sources of proof.

Defendants also argued that Austin is a more convenient forum because there is a secure compartmentalized information facility in Austin, but not in Waco. Defs.' Mot. at 3; Defs.' Reply at 2. Defendants' "counsel has confirmed with the Department of Justice's Litigation Security Group, which is responsible for transmitting classified information from DOJ to the U.S. Courts, that there is presently no convenient way for the Court to view and store classified documents in Waco." Defs.' Reply at 2, n. 1. After a review of cases, the Court cannot locate any cases discussing the lack of a secure compartmentalized information facility in the transferor jurisdiction. Plaitniffs do not dispute that the administrative record contains classified information. *See generally* Pls.' Resp. The government unquestionably has a right to protect the flow of classified information. *See U.S. v. El-Mezain*, 664 F.3d 467, 491 (5th Cir. 2011) *as revised* (Dec. 27, 2021) (holding that, in criminal cases, courts must balance the government's right to protect the flow of information against the defendant's right to prepare his defense) citing *Roviaro v. U.S.*, 353 U.S. 53, 62 (1957). Thus, the fact that there is a secure compartmentalized information facility favors transfer to Austin.

The second factor, availability of compulsory process to secure the attendance of witnesses, is neutral in this case. In cases on the administrative record, witnesses are unlikely to be called in and such witnesses would likely be party witnesses. Thus, the second factor is neutral.

The third factor, cost of attendance for willing witnesses, favors transfer to the Austin Division. Defendants argue that the cost of attendance for willing witnesses would be lesser in Austin than in Waco. Defendants argue this is because "Austin is served by numerous direct

flights from out of state." Defs.' Mot. at 2. As Plaintiffs argue, Defendants have not identified more than a speculative need to present the testimony of live witnesses. Pls.' Resp. at 4. Thus, this factor is neutral to transfer to the Austin division.

The fourth factor, all other practical problems that make trial of a case easy, expeditious, and inexpensive, is neutral in this case. Defendants do not point to any practical problems in this case other than the geographical distance between Austin and Waco. *See generally* Defs.' Mot. Nor does Plaintiff point to any practical problems that make Waco a more efficient and inexpensive venue for the resolution of this matter. *See generally* Pl.'s Resp. Therefore, this factor is neutral.

One of the four private interest factors favor transfer to the Austin Division. The other three private interest factors are neutral. The private interest factors favor transfer to the Austin Division.

### C. The public interest factors favor transfer to the Austin Division.

The Court finally considers whether public interest factors favor transfer. *In re Volkswagen*, 371 F.3d at 203. The public interest factors are (1) administrative difficulties flowing from court congestion; (2) local interest in having localized interests decided at home; (3) familiarity of the forum with the law that will govern the case; and (4) avoidance of unnecessary problems of conflict of law or in the application of foreign law. *In re Volkswagen AG*, 371 F.3d at 203.

The first public interest factor, administrative difficulties flowing from court congestion, favors transfer to Austin. In 2021, 1,345 cases were filed in the Waco Division, while 1,114 cases were filed in the Austin Division. U.S. District Court Western District of Texas, 2020 Calendar Year Report, *available at* https://www.txwd.uscourts.gov/wp-

content/uploads/District%20Statistics/2021/Calendar%20Year%20Statistics%20-%202021.pdf (last visited Feb. 15, 2023). The Report shows that slightly more cases were filed in the Waco Division than in the Austin Division. The Austin Division has two District Judges, two Senior District Judges, and three Magistrate Judges. The Waco Division has one District Judge and two Magistrate Judges.

Plaintiffs argue that the relevant inquiry is the speed at which cases are resolved, rather than the number of cases per judge. Pls.' Resp. at 4–5 citing *Dali Wirless, Inc. v. Corning, Inc.*, Civ. No. 6:20-cv-1108-ADA, 2021 WL 5316409, at *7 (W.D. Tex. Sept. 20, 2021). Plaintiffs cite to outcome analytics from Westlaw to show that the Austin Division has a slower time to outcome of administrative cases than the Waco Division. *Id.* at 4–5. The outcome analytics, however, included only District Judges and did not include statistics regarding Magistrate Judges. When properly expanded, the time to outcome in Waco is 195 days and 167 days in Austin. Importantly, the Westlaw analytics do not include statistics for all of the judges in each division. The Court notes that the analytics do not include Magistrate Judge Gilliland, Senior District Judge Nowlin, or Magistrate Judge Hightower. Additionally, as Defendants point out, the statistics show that the Austin Division has dealt with 42 administrative cases while the Waco Division's numbers include 10. These analytics are, therefore, dubious at best and this factor favors transfer to the Austin Division.

The second public interest factor, local interest in having localized interests decided at home, also favors transfer. The Defendants argue that Austin has a local interest in having this dispute decided there. Defs.' Mot. at 2. Plaintiffs do not address this argument, because Plaintiffs believe that Defendants only addressed the first public-interest factor. Pls.' Resp. at 3. Plaintiffs agree that one of the Plaintiffs resides within the Austin Division and that none of the Plaintiffs

reside in the Waco Division. *See id.* Thus, the outcome of this litigation will have an effect on at least one person who resides in the Austin Division, whereas no such person has been identified from the Waco Division. The second public interest factor favors transfer to the Austin division.

The third and fourth public interest factors, familiarity of the forum with the law that will govern the case, and avoidance of unnecessary problems of conflict of law or in the application of foreign law, are neutral. The Waco and Austin Divisions are likely equally familiar with the law and there is no conflict of law issue likely to arise in this case. Therefore, these factors are neutral.

Two public interest factors favor transfer and two are neutral. One of the private interest factors favor transfer. It is extraordinary error to deny a request to transfer venue when no relevant factor favors the chosen venue. *In re Volkswagen*, 545 F.3d at 318. Thus, the Court should transfer the case to the Austin Division of the Western District of Texas.

## IV.    CONCLUSION

For the reasons outlined above, the undersigned **RECOMMENDS** that the Defendants' Motion (ECF No. 15) be **GRANTED**, and that this matter be transferred from the Waco Division to the Austin Division**.**

## V.    OBJECTIONS

The parties may wish to file objections to this Report and Recommendation. Parties filing objections must specifically identify those findings or recommendations to which they object. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de

novo review by the District Court of the proposed findings and recommendations in the Report. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v Arn*, 474 U.S. 140, 150–53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc). Except upon grounds of plain error, failing to object shall further bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas*, 474 U.S. at 150–53; *Douglass*, 79 F.3d at 1415.

**SIGNED this 16th day of February 2023.**

_____
**JEFFREY C. MANSKE**
**UNITED STATES MAGISTRATE JUDGE**