UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF TEXAS

WACO DIVISION

| | |
|---|---|
| **JOSEPH VAN LOON** *et al.*<br><br>**Plaintiffs,**<br><br>v.<br><br>**DEPARTMENT OF TREASURY** *et al.*,<br><br>**Defendants.** | Civil Action No. 6:22-cv-920 |

**DEFENDANTS' OPPOSITION TO PLAINTIFFS' OBJECTIONS TO REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE**

On February 16, 2023, Magistrate Judge Manske issued a Report and Recommendation ("R&R") that this case be transferred to the Austin Division, and Plaintiffs have now raised objections to it. *See* R&R, ECF No. 28; Pls.' Objs. to R&R of M.J. ("Pls.' Objs.") at 1-2, ECF No. 29. Because the R&R is correct as a matter of law, the objections lack merit. They have provided no substantive rebuttal to Defendants' showing that Austin would be clearly *more* convenient than Waco—nor have Plaintiffs provided a single reason (other than their own choice of forum) that this case should stay in Waco. No plaintiff lives in Waco. No relevant property lies in Waco. No action relevant to the suit is alleged to have occurred in Waco. Accordingly, nothing in the well-reasoned R&R is "clearly erroneous" or "contrary to law," which the parties agree is the proper standard for resolving Plaintiffs' objections. Fed. R. Civ. P. 72(a); *see also Castillo v. Frank*, 70 F.3d 382, 385 (5th Cir. 1995) ("[A] district court [is] to apply a 'clearly erroneous' standard when reviewing a magistrate judge's ruling on a non-dispositive, pretrial motion"). The Court should reject Plaintiffs' objections, and adopt the R&R.

1

*First*, Plaintiffs argue that Judge Manske "impermissibly shifted the burden to Plaintiffs" by recognizing that it "is extraordinary error to deny a request to transfer venue when no relevant factor favors the chosen venue." *See* R&R at 8 (citing *In re Volkswagen of Am., Inc.* ("*Volkswagen II*"), 545 F.3d 304, 311 (5th Cir. 2008) (en banc)). This is not impermissible burden-shifting; it is a restatement of the applicable Fifth Circuit standard for a case like this one, where there are good reasons for transfer, and no applicable factor weighs against transfer. Indeed, the Fifth Circuit has interpreted the *Volkswagen II* rule exactly as Judge Manske did:

> The main guidance from the en banc court in *Volkswagen II* [] is that the district court should have been fully aware of the inadvisability of denying transfer where only the plaintiff's choice weighs in favor of denying transfer and where the case has no connection to the transferor forum . . . . In *Volkswagen II*, 545 F.3d at 318, we classified as an "extraordinary error[]" the "fact that not a single relevant factor favors the [plaintiffs'] chosen venue."

*In re Radmax, Ltd.*, 720 F.3d 285, 290 (5th Cir. 2013). This Court has articulated the transfer standard similarly. *See, e.g.*, *Datascape, Ltd. v. Dell Techs., Inc.*, No. 6:19-CV-00129-ADA, 2019 WL 4254069, at *1 (W.D. Tex. June 7, 2019) (Albright, J.) (citing *In re Radmax, Ltd.*, 720 F.3d 285, 288–90 (5th Cir. 2013)) (where certain factors "favor[] transfer. . . [others a]re neutral, and no factor favor[s] the plaintiff's chosen venue," transfer should be granted); *10Tales, Inc. v. TikTok Inc.*, No. 6:20-CV-00810-ADA, 2021 WL 2043978, at *6 (W.D. Tex. May 21, 2021) (Albright, J.) (where certain factors favor transfer, but "[n]o factor favors keeping this case in this District," a case should be transferred); Report & Rec., *Gen. Land Off. of the State of Tex. v. U.S. Dep't of Interior,* 6:22-cv-44-ADA-JCM (Oct. 21, 2022) (Manske, J.), ECF No. 29 (presenting a nearly identical analytical framework to the one at issue here), *adopted at* Order, ECF No. 30 (Albright, J.) (finding no clear error). Accordingly, Judge Manske did not impermissibly shift the burden to Plaintiffs; rather, he recognized that *Defendants* had met their burden of clearly showing that Austin was the more convenient forum, because three factors weighed in favor of transfer, and

none favored maintaining the action in Waco.  R&R at 8.  This was neither clearly erroneous nor contrary to law.

*Second*, Plaintiffs object to Judge Manske's conclusion that Austin is more convenient because it has a secure compartmentalized information facility (SCIF), which will allow the Court more convenient access to the classified information contained in the administrative record.  Pls.' Objs. at 4-5; R&R at 5.  As noted in Defendants' papers, DOJ's Litigation Security Group has confirmed that "there is presently no convenient way for the Court to view and store classified documents in Waco."  Defs.' Reply ISO Mot. to Transfer at 2 n.1, ECF No. 17.  Plaintiffs contend that Defendants should have made some stronger showing of inconvenience.  *See* Pls.' Objs. at 4-5.  Governing Fifth Circuit caselaw is to the contrary, however—even where "inconvenience may well be slight . . . the question is *relative* ease of access, not absolute ease of access."  *In re Radmax, Ltd.*, 720 F.3d 285, 288 (5th Cir. 2013) (citing *Volkswagen II*, 545 F.3d at 316).

The presence of classified information in the record makes Austin clearly more convenient than Waco.  Though Plaintiffs argue that "the memorandum explaining the basis for Defendants' action is *not* classified," Pls.' Objs at 5, they neglect to mention that there is a classified addendum to that memorandum, supported by seven exhibits classified at the SECRET and TOP SECRET level.  *See* Certified Index at 14-15, ECF No. 26-2 (identifying classified addendum and exhibits).  The unredacted version of the Certified Index is itself classified at the TOP SECRET level.  *Id.*  Accordingly, the role of the classified information in this case is self-evident, and Judge Manske's recommendation on this point was sound.  Moreover, the classified addendum is relevant to Plaintiffs' claims, where Plaintiffs have challenged Tornado Cash's foreign nexus in Claim I, *see, e.g.*, Am. Compl. ¶ 85, and where their constitutional claims will require an analysis of the Government's national security interests, to determine if they justify any deprivation or

infringement of a cognizable Due Process interest or First Amendment right, *see* Am. Compl. Claims II, III.

Plaintiffs also argue that adopting Judge Manske's recommendation "would mean that the government could always transfer cases involving classified information out of the Waco Division." Pls.' Objs. at 5. This is an exaggeration. Some cases involving classified information may have a nexus to Waco that would warrant keeping them there—this case is just not one of them. No plaintiff lives in Waco; no relevant property is in Waco; and no action relevant to the suit is alleged to have occurred in Waco. In another hypothetical lawsuit, the balance of factors might weigh differently, but here that balance favors transfer, as Judge Manske rightly concluded.

*Third*, Plaintiffs object to the fact that Judge Manske considered caseload per judge to determine that court congestion favors transfer. *See* Pls.' Objs. at 5-6. They claim that the judge "reject[ed] statistics regarding time to resolution as 'dubious,'" incorrectly suggesting that Judge Manske had discounted considering time-to-resolution in determining whether the congestion prong favors transfer. *Id.* at 7. This misreads the R&R. Judge Manske found that the *particular statistics Plaintiffs had submitted* were dubious, not that all such statistics would be. And he had perfectly good reasons for disregarding their evidence: Plaintiffs' proffered statistics had an extremely low sample size, and they were missing several relevant judges. R&R at 7. Accordingly, Judge Manske reasonably determined that the caseload per judge statistics better reflected the court's congestion, and that the congestion factor favored transfer. *See id.* at 6-7. Plaintiff's contrary argument would mean that time-to-resolution statistics must *always* trump other potentially analogous statistics, even where the analogous statistics are more reliable. No case law supports this suggestion. Indeed, this Court has previously adopted reports and recommendations that similarly relied on caseload per judge. *See, e.g.*, Report & Rec., *Gen. Land*

4

*Off.*, 6:22-cv-44-ADA-JCM (Oct. 21, 2022), ECF No. 29, *adopted at* ECF No. 30. Certainly, none of the cases Plaintiffs cite stand for the notion that a court may *never* consider other analogous statistics in assessing court congestion.[1] Judge Manske's reasoning was plainly reasonable and legally sound.

*Fourth*, and finally, Plaintiffs object to Judge Manske's determination that the local interest factor favors transfer to Austin. Plaintiffs' argument appears to be premised on the puzzling notion that Defendants never raised the issue of local interest at all, apparently because Defendants' motion contained the phrase "any localized interest." *See* Pls.' Objs. at 6-7. According to Plaintiffs, the use of the word "any" renders the entire local interest analysis a "half-sentence hypothetical" that should have been off-limits to Judge Manske. But Defendants have repeatedly raised the local interest issue by noting that the only Texas plaintiff lives within the Austin Division, *see* Defs.' Mot. at 2, ECF No. 15; Defs.' Reply at 1, ECF No. 17. Accordingly, Judge Manske correctly concluded that "the outcome of this litigation will have an effect on at least one person who resides in the Austin Division, whereas no such person has been identified from the Waco Division." R&R at 8.

In the alternative, Plaintiffs argue that because the "challenged action applies nationwide 'the alleged injury does not create a substantial local interest in any particular district.'" Pls.' Objs. at 7 (quoting *Adaptix, Inc., v. HTC Corp*, 937 F. Supp. 2d 867, 878 (E.D. Tex. 2013)). But the very case Plaintiffs quote—one sentence later, no less—recognizes that "[l]ocal interest [] arises

---

[1] Plaintiffs also incorrectly suggest that it was improper for Judge Manske to rely upon Court-published statistics regarding magistrate judges where Defendants' motion only discussed those same statistics in the context of district judges. *See* Pls.' Objs. at 6 n.*. This argument is "frivolous," because a "court may take judicial notice at any time, including *sua sponte*" as to "matters of public record." *Chauhan v. Formosa Plastics Corp.*, 202 F.3d 595 (Table), 2000 WL 423367 (5th Cir. Apr. 4, 2000) (citing Fed. R. Evid. 201(c), (e); *Davis v. Bayless* 70 F. 3d 367, 372.n3 (5th Cir. 1995)).

when a district is home to a party[.]" *Adaptix*, 937 F. Supp. 2d at 878.  Here, a plaintiff resides in the Austin Division, and Judge Manske therefore properly concluded that the local interest factor favors transfer to Austin.  Moreover, courts "must not give inordinate weight to a plaintiff's choice of venue," *Fintiv, Inc. v. Apple Inc.*, No. 6:18-CV-00372-ADA, 2019 WL 4743678, at *2 (W.D. Tex. Sept. 13, 2019) (Albright, J.).  Avoiding deference to their choice of forum would be even more appropriate if Plaintiffs' argument were correct—in that case there would be no basis whatsoever to defer to their choice of forum, as they could have filed anywhere, but chose to do so in a district lacking any connection to the parties.

For all of these reasons, none of Plaintiff's objections show that any of Judge Manske's conclusions were clearly erroneous or contrary to law.  And even if Plaintiffs had identified a cognizable error—which they have not—they certainly cannot demonstrate that any such error would sufficiently tip the balance of factors in favor of keeping the case in Waco.  Accordingly, Plaintiffs' objections to the R&R should all be overruled.

| | |
|---|---|
| Dated: March 13, 2023 | Respectfully Submitted, |
| | BRIAN M. BOYNTON<br>Principal Deputy Assistant Attorney General |
| | ALEXANDER K. HAAS<br>Director |
| | DIANE KELLEHER<br>Assistant Director |
| | */s/ Christopher R. Healy*<br>CHRISTOPHER R. HEALY<br>CHRISTINE L. COOGLE<br>Trial Attorneys<br>STEPHEN M. ELLIOTT<br>Senior Counsel<br>Federal Programs Branch, Civil Division<br>United States Department of Justice<br>1100 L St. NW<br>Washington, DC 20005<br>Tel: 202-514-8095 |

Fax 202-616-8470
E-mail: Christopher.Healy@usdoj.gov

*Counsel for Defendants*

Fax 202-616-8470
E-mail: Christopher.Healy@usdoj.gov

*Counsel for Defendants*